UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| KEVIN WAYNE VANOVER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 20-124-WOB |
| ) | |
| v. ) | |
| ) | |
| JOHN GILLEY, Warden ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Kevin Wayne Vanover is a federal prisoner currently confined at the Federal Correctional Institution ("FCI")-Manchester, located in Manchester, Kentucky. Proceeding without an attorney, Vanover has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and, after previously being ordered to do so [R. 6], has now paid the $5.00 filing fee. [R. 9] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In June 2016, Vanover was convicted by a jury in the United States District Court for the Western District of North Carolina of one count of aiding and abetting and knowingly and intentionally possessing with intent to manufacture a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One); one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) (Count Two); and one count of knowingly receiving and possessing firearms not registered to him in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871

1

(Count Three).  In May 2017, Vanover was sentenced to a term of imprisonment of seventy months on each of Counts One, Two and Three, all to run concurrently, for a total term of imprisonment of seventy months.  *United States v. Kevin Wayne Vanover*, No. 1:15-cr-097-MOC-WCM (W.D. N.C. 2015).  Vanover is currently projected to be released from the custody of the federal Bureau of Prisons ("BOP") on November 15, 2020.  *See* https://www.bop.gov/inmateloc/ (last visited on August 12, 2020).

Vanover has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court.  Vanover states that his § 2241 petition concerns the "refusal of administration to comply with 18 U.S.C. § 3624(c)(1); (c)(2); (c)(6)(C), requiring that I, being a low risk low needs inmate, be placed on home confinement, and afforded a reasonable amount of time to adjust and prepare for my reentry into my community, and it constitutes cruel and unusual punishment."  [R. 1 at p. 1]  It appears that Vanover was scheduled to serve part of his sentence in a halfway house in Lebanon, Virginia.  [*Id*. at p. 4]  However, he states that he received two incident reports on February 5, 2020, one for use of drugs and one for disruptive conduct.  [R. 1 at p. 5]  He plead guilty to the use of drugs charge and was found guilty by a Disciplinary Hearing Officer ("DHO") to the disruptive conduct charge.  [*Id*.]  He does not dispute the findings of the DHO, nor does his § 2241 petition raise claims challenging the disciplinary hearing itself.  Rather, he claims that, in addition to the sanctions imposed by the DHO, the "administration revoked all of my home confinement time in retaliation for the conflict with the guard."  [*Id*.]  He claims that the "law requires I be sent home and given time to adjust and prepare to re-enter my community."  [*Id*.]  He also alleges that the revocation of his home confinement time (in addition to the sanctions imposed by the DHO) constitutes cruel and unusual punishment in violation of the Eighth Amendment.  [*Id*. at p. 6]  He further claims that the "administration" has interfered with his pursuit of administrative

remedies with respect to his claim, first denying his administrative remedy request seeking reinstatement of his home confinement, then "act[ing] in ways to prohibit me from pursuing Regional Review of my issue, including 'losing' my remedy response so that I would not have it to send to Region with the Regional Appeal." [*Id*. at p. 5, 8]  As relief, he requests that the Court order the FCI-Manchester administration to release Vanover on home confinement or to a halfway house as he claims is required by 18 U.S.C. § 3624(c)(1), (2) and (6).

However, the Court has reviewed Vanover's § 2241 petition [R. 1] and finds that he is not entitled to habeas relief.  As an initial matter, Vanover's belief that § 3624(c) *requires* the Bureau of Prisons ("BOP") to place a prisoner on home confinement or in a halfway house is mistaken.  While 18 U.S.C. § 3624(c) authorizes the BOP to *consider* placing an inmate in a community correctional facility for up to twelve months, a prisoner is not automatically entitled, nor guaranteed, such placement for any minimum amount of time.  18 U.S.C. § 3624(c).  *See also Heard v. Quintana*, 184 F.Supp. 3d 515, 520 (E.D. Ky. 2016).  *See also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015).  Rather, "the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)).

Moreover, the BOP's placement decisions, including determinations regarding halfway house and RRC placement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions.  28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter.").  Cf. *Woodard v.*

3

*Quintana*, No. 5:15-cv-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015). Thus, this Court cannot enter an order directing the BOP to immediately release Vanover to home confinement or a halfway house.

In addition, to the extent that Vanover claims that prison officials have retaliated against him in violation of the First Amendment or that the retaliation and his current confinement in the Special Housing Unit ("SHU") violates the Eight Amendment, these constitutional claim relate to the conditions of his confinement, not the fact or duration of his confinement, and are therefore not proper in a habeas petition filed pursuant to 28 U.S.C. § 2241. Section 2241 is typically a vehicle for challenges to the way a prisoner's sentence is being calculated, such as computing sentence credits or determining parole eligibility, not to the specific conditions of an inmate's confinement at a particular facility. *See id.; see also Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (describing different types of § 2241 challenges). Thus, while "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004).

A federal prisoner may not use a § 2241 habeas petition to pursue civil rights claims challenging the conditions of his confinement; he can only assert such claims by filing suit under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so

the . . . petitioner could re-file as a [civil rights] claim." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). Should Vanover wish to pursue his claims in a civil rights action, he may obtain the appropriate forms from the Clerk of the Court.

For all of these reasons, Vanover is not entitled to habeas relief based on his § 2241 petition and his § 2241 petition will be denied. As a matter of clarification, since filing his § 2241 petition, Vanover has filed several motions seeking to supplement the claims made in his § 2241 petition, including a "Motion for Release of Inmate to Home Confinement" [R. 7]; a "Motion to Submit Evidence" seeking to submit additional evidence regarding Vanover's pursuit of administrative remedies related to his claims [R. 8]; a "Motion to Extend Requested Relief" to include monetary compensation in the amount of $250,000.00 for mental pain and suffering related to the revocation of his home detention [R. 10]; a "Writ of Mandamus" requesting that the Court expedite judgment in this case [R. 11];[1] and a "Motion to Supplement Brief" seeking to supplement his petition with additional evidence related to his pursuit of administrative remedies. [R. 12] The Court has reviewed each of these motions and finds that none of them alter the Court's finding that Vanover is not entitled to habeas relief based on his § 2241 petition. As Vanover's § 2241 petition will be denied, the Court will also deny these miscellaneous motions as moot for administrative purposes.

Accordingly, it is **ORDERED** as follows:

1. Vanover's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED WITHOUT PREJUDICE** to his right to pursue his constitutional claims in a civil rights action.

---

[1] Although styled as a "Writ of Mandamus," Vanover's motion was filed with this Court, not the United States Court of Appeals for the Sixth Circuit, and requests that this Court expedite its consideration of Vanover's claims. [R. 11]

2.      All pending requests for relief, including Vanover's "Motion for Release of Inmate to Home Confinement" [R. 7]; "Motion to Submit Evidence" [R. 8]; "Motion to Extend Requested Relief" [R. 10]; "Writ of Mandamus" [R. 11]; and "Motion to Supplement Brief" [R. 12], are **DENIED AS MOOT**.

3.      This action is **STRICKEN** from the Court's docket.

4.      A corresponding judgment will be entered this date.

This 13th day of August, 2020.



Signed By:

_**William O. Bertelsman**_   WOB

**United States District Judge**